IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EVANGELOS PAGONIS, PRO SE, § <br> TDCJ-CID No. 1626253, § <br> § <br> Plaintiff, § <br> § <br> v. § 2:15-CV-0206 <br> § <br> ARNOLD L. NORVEL, Warden; § <br> LINDSI D. SWECKER, Mailroom § <br> Supervisor; and SHANEL N. PATTERSON, § <br> Mailroom Clerk, § <br> § <br> Defendants. § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff EVANGELOS PAGONIS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Upon review of plaintiff's complaint, the Court issued a Briefing Order Questionnaire to which plaintiff responded on July 27, 2015.

By his complaint, plaintiff alleges that, in March of 2015, defendant PATTERSON, a clerk in the mailroom at the Dalhart Unit, received and processed mail containing privileged correspondence which the defendant "obstructed, pried and opened" even though it was clearly marked "legal mail open in presence of addressee" on the envelope. Plaintiff claims this occurred again on May 27, 2015 and placed his life in danger. Plaintiff does not say how this act endangered his life. Plaintiff alleges the May correspondence contained a letter from the U.S.

Department of Justice. Plaintiff speculates a document might have been removed, but says he doesn't know if one was.

Plaintiff argues the March and May documents were legal mail and should not have been opened and inspected outside his presence and could only be inspected for contraband. Plaintiff states prison regulations define legal correspondence as any mail sent to or from a legal correspondent. Further, he says, prison regulations define a legal correspondent as any licensed U.S. attorney or legal aid society, which is an organization providing legal services, that contacts an offender in order to provide legal services.

Plaintiff says he is suing defendant Warden NORVEL for not taking responsibility and making his staff handle legal mail according to prison regulations[1].

Plaintiff states he is suing defendant Mailroom Supervisor SWECKER for not properly training and supervising her staff in the handling of legal and special mail.

Plaintiff requests unspecified injunctive relief and an award of compensatory damages in the amount of $100,000.00 per defendant, as well as legal fees and "charges to be filed."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] Plaintiff's July 27, 2015 response to Question no. 2 of the Court's Questionnaire.

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

By his requested relief of "charges to be filed," it appears plaintiff is asking that criminal charges be filed against the defendants. Plaintiff cannot obtain criminal charges against a defendant through this lawsuit. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of another person). Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim. *Id.*, at 619. In this respect, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has presented various prison policies concerning the handling of legal mail to support his claim; however, the mere allegation that prison policies were not followed does not state a claim. See *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-

---

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against defendants NORVEL and SWECKER are based on their supervisory positions as Warden and Mailroom Supervisor; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts and the alleged constitutional violation. At most, plaintiff has alleged, in vague and global terms, negligence, if even that. Section 1983 provides a remedy for deprivation of constitutionally protected rights, not for violations of tort duties of

care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs). Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

As to his claims against defendant PATTERSON, by alleging the opening of his legal mail, plaintiff appears to be attempting to claim a violation of his First Amendment Access to Courts. Plaintiff also alluded to Fourth Amendment considerations, stating he has a "right to have my papers secure. 4th USCA.[4]"

By this response, it appears plaintiff attempts to anchor his claim in the Fourth Amendment right to be free from unreasonable search and seizure. Prisons routinely open and scan inmates' incoming mail for security purposes and the practice has repeatedly passed constitutional muster. *Walker v. Navarro County Jail*, 4 F.3d 410 (5th Cir. 1993)(jail has legitimate interest in opening and inspecting incoming mail for contraband); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)(inspection of nonprivileged mail does not violate a prisoner's rights); *Martin v. Tyson*, 845 F.2d 1451 (7th Cir. 1988)(inspection of inmate's personal mail for contraband served a legitimate purpose); *Witherow v. Crawford*, 468 F. Supp. 2d 1253 (D. Nev. 2006), on reconsideration, 2007 WL 2767206 (D. Nev. 2007), adhered to, 2007 WL 2509030 (D. Nev. 2007) and aff'd, 2009 WL 2387251 (9th Cir. 2009) (no valid Fourth Amendment claim since plaintiffs had no reasonable expectation of privacy in their mail); *Oliver v. Powell*, 250 F. Supp. 2d 593 (E.D. Va. 2002) (prison policy of opening and reading incoming general correspondence was justified by legitimate penological interests).

---

[4] Plaintiff's July 27, 2015 Questionnaire response to Question no. 6.

5

As based on the Fourth Amendment, plaintiff's claim is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In the Free Speech context, the Fifth Circuit has ruled the mere opening and inspection of incoming prisoner legal mail, even if done outside of the prisoner's presence and even if it violates prison regulations, does not provide a basis for relief under section 1983. *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994).

There remains the First Amendment right of Access to Courts. In *Bounds v. Smith*, the Supreme Court found convicted inmates enjoy a right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977), *overruled on other grounds*, so they will have "a reasonable opportunity to file nonfrivolous legal claims challenging [their] convictions or conditions of confinement." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)(citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

Plaintiff has provided little information concerning the documents contained in the opened envelopes. He vaguely asserts they "involved [his] own confinement and conditions of such" but provides cryptic descriptions.

Plaintiff alleges the first envelope, dated March 16, 2015, contained a letter from the OGIS "Confirming the assignment of the cause at hand. Immigration documents in [plaintiff's] cause with Immigration and Customs Enforcement." Plaintiff says he does not know if there was anything else in the envelope or whether anything was removed.

The second envelope, dated May 20, 2015, a copy of which was attached by plaintiff to his original complaint, shows it, too, was from the Office of Government Information Services, National Archives at College Park. It is stamped "legal mail, open in presence of addressee."

The Court takes judicial notice that, as shown in the United States Government Manual, the OGIS or Office of Government Information Services, is a division of the National Archives and, among other functions, it reviews and helps mediate Freedom of Information Act disputes. The United States Government Manual 2013, p. 401 (Office of the Federal Register, National Archives and Records Administration 2013).

The question before the Court is not whether the contents of these envelopes were "legal mail" as defined by prison regulations or whether their handling in the prison mailroom violated prison regulations, but whether plaintiff has stated a claim of violation of his right of access to courts.

When expressly asked to inform the Court of each and every harm he suffered as a result of the opening of his mail, plaintiff stated:

> The right to address the Government ist [sic] USCA right, the right
> to my private legal matters. The right to keep my family safe and
> my self, the right to have document to fight my cause, and the right
> to have my papers secure. 4th USCA.[5]

Plaintiff has not alleged facts showing defendant PATTERSON's acts impaired any litigation activity challenging his conviction(s) or the conditions of his confinement.

In order to have standing to claim the processing of these envelopes constituted a denial of his right of access to the courts, plaintiff must demonstrate an actual injury stemming from the

---

[5]Plaintiff's July 27, 2015 Questionnaire response at Question no. 6.

defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348. The Constitution only requires that prisoners be able to present their grievances to the courts and, therefore, neither frivolous filings nor secondary litigation activity, such as legal research and writing that does not involve preparation of lawsuits challenging the inmate's own conviction(s) or the conditions of his or her confinement, may form the basis for a claim. The impairment of such litigation activity is simply one of the incidental and perfectly constitutional consequences of conviction and incarceration. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).

If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992).

Although given ample opportunity, the vague allegations plaintiff has provided fail to show he suffered the necessary harm. Plaintiff has failed to state an access to courts claim.

Lastly, the Court notes plaintiff's vague mention of a need to keep himself and his family safe. Plaintiff has not alleged any facts showing the opening of the subject envelopes and scanning their contents in any way placed him in substantial danger of serious harm. Even more importantly, plaintiff has not alleged any facts showing prison officials knew such actions would place him in such danger and acted with deliberate indifference to that danger. *See, Farmer v.*

*Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). This allegation fails to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff EVANGELOS PAGONIS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 30th day of July, 2015.

_____
MARY LOU ROBINSON
United States District Judge